In the United States District Court
for the Southern District of Georgia
Brunswick Division

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 JUL 20 P 4: 43

CLERK
_____ DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| V. | : | |
| PAUL MCGOWAN, | : | |
| Defendant. | : | NO. CR298-016 |

## O R D E R

Defendant, Paul McGowan, has filed a petition under 28 U.S.C. § 1651(a) seeking the extraordinary relief of a writ of *error coram nobis* to vacate his 1998 convictions. For the following reasons, McGowan's petition will be **DENIED**.

### FACTS

In 1998, a jury convicted McGowan on three counts of filing false personal income tax returns in violation of 26 U.S.C. § 7206(1) and three counts of aiding and assisting in the preparation and presentation of false corporate income tax returns in violation of 26 U.S.C. § 7206(2), for tax years

AO 72A
(Rev. 8/82)

1991, 1992, and 1993. McGowan was sentenced to 18 months imprisonment on each count, to be served concurrently, and one year supervised release. The Eleventh Circuit Court of Appeals affirmed McGowan's convictions and sentence. McGowan filed motions under 28 U.S.C. § 2255 and Federal Rule of Criminal Procedure 33, which were both denied.

In September 2001, after McGowan had completed his sentence, the Internal Revenue Service ("IRS") issued a notice of deficiency, seeking deficiencies and fraud penalties for tax years 1991, 1992, and 1993. McGowan appealed to the United States Tax Court on the grounds that the assessment was barred by the statute of limitations. The IRS asserted that the deficiency notice was timely because McGowan's underpayments were due to fraud and cited McGowan's conviction as proof thereof. McGowan conceded that he underpaid taxes for the years at issue but denied committing fraud.

In September 2003, on the day of the calendar call in the Tax Court, the examining IRS agent delivered, through counsel, McGowan's 1994 corporate sales ledger, which had been produced by McGowan's counsel pursuant to a Government subpoena during the criminal court proceedings. At trial, the agent confirmed the accuracy of the hand written ledgers and that they met the

2

generally accepted accounting definition for accrual basis sales ledgers.

The Tax Court held that a collection action for the subject years was time-barred. The Tax Court found that the Government "rested on [McGowan's] conviction and ignored [a] critical issue relating to [McGowan's] intent to evade tax." As a result, the Tax Court concluded that the Government failed to prove McGowan's intent to evade tax so as to remove the otherwise applicable limitations periods.

## DISCUSSION

McGowan has filed the instant petition seeking to have his 1998 criminal convictions vacated. McGowan contends that he is entitled to relief on three grounds: (1) the Tax Court's decision "directly conflicts with [his criminal] conviction as a matter of fact and law;" (2) the prosecution failed to produce exculpatory evidence pursuant to Brady request; and (3) the prosecution's Brady violation resulted in ineffective assistance of counsel.

AO 72A
(Rev. 8/82)

**WRIT OF *ERROR CORAM NOBIS***

Federal courts have authority to issue a writ of *error coram nobis* under the All Writs Act, codified as 28 U.S.C. § 1651(a). United States v. Swindall, 107 F.3d 831, 834 (11th Cir. 1997). This remedy is available to vacate a conviction when the defendant has served his sentence and can no longer seek postconviction relief under § 2255. United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002); Sun v. United States, 342 F. Supp.2d 1120, 1126 (N.D. Ga. 2004). This writ, however, is reserved to remedy only an error "of the most fundamental character," where no other relief is available. United States v. Morgan, 346 U.S. 502, 511, 74 S. Ct. 247, 253, 98 L.Ed. 248 (1954) (citations omitted). Such errors do not include "prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence." United States v. Mayer, 235 U.S. 55, 69, 35 S. Ct. 16, 20, 59 L.Ed. 129 (1914); United States v. Mills, 221 F.3d 1201, 1204 (11th Cir. 2000); Moody v. United States, 874 F.2d 1575, 1577 (11th Cir. 1989).

The Court finds that McGowan has failed to proffer any substantial credible evidence to warrant the extraordinary relief of a writ of *error coram nobis*. All three of McGowan's

AO 72A
(Rev. 8/82)

claims center around the Government's alleged failure to disclose the handwritten sales ledgers during the criminal trial proceedings. As indicated above, however, even if McGowan's allegations are true, neither the sales ledgers, as "newly discovered evidence," nor the Government's failure to disclose them, as "prejudicial misconduct in the course of the trial," are errors "of the most fundamental character" warranting issuance of a writ. Nevertheless, the Court will address each of McGowan's claims in order that a remand not be necessary in the event that this Court is found to be in error as to the availability of the writ of *error coram nobis*.

### I. TAX COURT DECISION

McGowan asserts that the Tax Court's finding that the underpayment was not due to fraud "directly conflicts with [his criminal] conviction as a matter of fact and law" and requires his criminal convictions be vacated. This argument is without merit.

First, there is no conflict between the Tax Court decision and McGowan's criminal conviction. Title 26, United States Code, Sections 6501(a) and (e) provide that, generally, the amount of any tax must be assessed within 3 years and 6 years,

5

respectively, of the filing of a return. Section 6501(c)(1), however, provides that if the taxpayer files a false or fraudulent return with the intent to evade tax, the amount of the tax due may be assessed at any time. Therefore, in order to recover deficient taxes after the applicable statute of limitations, the Government must prove that the taxpayer filed the false return with the intent to evade tax.

Section 7206(1), in contrast, does not require proof of a willful intent to evade tax as an element of the offense. Wright v. C.I.R., 84 T.C. 636, 643 (U.S. Tax Ct. 1985) (citations omitted); Maciel v. C.I.R., T.C. Memo. 2004-28, 2004 WL 205819 (U.S. Tax Ct. 2004). Rather, the criminal statute makes it a crime for one willfully to make and submit any verified return which the taxpayer does not believe to be true and correct as to every material matter. 26 U.S.C. § 7206(1). Therefore, the finding in the 1998 criminal proceeding that McGowan willfully made and submitted a verified return which he did not believe to be true and correct as to every material matter does not conflict with the Tax Court's later determination that McGowan lacked the requisite intent to evade tax necessary to establish fraud when he submitted the false return.

6

Furthermore, even were the Court to conclude that a conflict existed, McGowan would not be entitled to the relief requested. The doctrine of collateral estoppel precludes relitigation of any issue of fact or law that is actually litigated and necessarily determined by a valid and final judgment. Wright v. C.I.R., 84 T.C. at 639 (citing Montana v. United States, 440 U.S. 147, 153 (1979)). Therefore, were the issue in the Tax Court under section 6501 identical in all respects to that in the criminal proceedings under sections 7206(1) and (2), the determination in the criminal proceeding would have precluded the Tax Court from relitigating the matter.

## II. BRADY CLAIM

McGowan also contends that his conviction should be vacated because the Government violated Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose the 1994 sales ledger and the revenue agent's testimony regarding said ledger.

In Brady, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good

7

faith or bad faith of the prosecution." Id. at 87, 83 S. Ct. at 1196-97. The Eleventh Circuit has established a four-prong test to establish a Brady violation. A defendant must prove the following: (1) that the Government possessed evidence favorable to the defendant; (2) that the defendant does not possess the evidence nor could he obtain it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different. United States v. Day, 405 F.3d 1293, 1297 n. 5 (11th Cir. 2005) (citing United States v. Meros, 866 F.2d 1304, 1308 (11th Cir. 1989)); Mills v. Singletary, 63 F.3d 999, 1014 (11th Cir. 1995); Baxter v. Thomas, 45 F.3d 1501, 1506 (11th Cir. 1995).

McGowan has failed to meet this burden. It is clearly established in the Eleventh Circuit that there is no suppression and, therefore no Brady violation, if either the defendant or his attorney knows before trial of the allegedly exculpatory information. See Felker v. Thomas, 52 F.3d 907, 910 (11th Cir. 1995); United States v. Valera, 845 F.2d 923, 927-28 (11th Cir. 1988), cert. denied, 490 U.S. 1046, 109 S. Ct. 1953, 104 L.Ed.2d 422 (1989); Halliwell v. Strickland, 747 F.2d 607, 609 (11th Cir. 1984), cert. denied, 472 U.S. 1011,

105 S. Ct. 2711, 86 L.Ed.2d 726 (1985); United States v. Cravero, 545 F.2d 406, 420 (5th Cir. 1976), cert. denied, 430 U.S. 983, 97 S. Ct. 1679, 52 L.Ed.2d 377 (1977). McGowan admits that he provided the prosecution, through his defense counsel, with the undisclosed documents, including the 1994 sales ledger, pursuant to the prosecution's subpoena. Because the information in question was within both McGowan and his trial counsel's personal knowledge, his Brady claim fails.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, McGowan argues that his trial counsel was unable to provide effective assistance due to the absence of documentary evidence to corroborate his testimony. According to McGowan, "[i]neffective assistance of counsel caused by the prosecution's failure to comply with a Brady request is a clear denial of due process." This argument, too, must fail.

Both McGowan and his trial counsel had knowledge of the sales ledgers prior to the 1998 criminal proceedings. As previously discussed, it was McGowan, through his counsel, that provided the Government with the documentary evidence, including the 1994 sales ledger, at issue in this action. Accordingly, McGowan's assertion that the Government's failure to provide the requested documents caused his trial counsel's

AO 72A
(Rev. 8/82)

inability to provide effective assistance of counsel is without merit.

Furthermore, to the extent that McGowan is asserting that his trial counsel's failure to use the information contained in the ledgers during the criminal proceedings constituted ineffective assistance of counsel, coram nobis relief is unavailable. "The writ is appropriate only when there is and was no other available avenue of relief." Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000). McGowan had personal knowledge of the information contained in the ledgers prior to the criminal proceedings. Therefore, because he could have asserted this claim in his motions filed under 28 U.S.C. § 2255 and Federal Rule of Criminal Procedure 33, he is not entitled to relief upon this claim.

## CONCLUSION

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, McGowan's petition for a writ of *error coram nobis* (Doc. No. 89) is **DENIED**.

**SO ORDERED** this 19th day of July, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

10